[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14495
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 3, 2011
JOHN LEY
CLERK

Agency No. A079-476-431


GERMAN A. CASTELLANOS,
CONSTANZA HURTADO,
JULIANA CASTELLANOS,

                                                            Petitioners,

                              versus

U.S. ATTORNEY GENERAL,

                                                            Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(June 3, 2011)

Before HULL, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Dr. German A. Castellanos, a Colombian citizen proceeding *pro se*, petitions for review of the Board of Immigration Appeal's (BIA's) decision denying his application for asylum and his petition for withholding of removal under the Immigration and Nationality Act (INA) and relief under the United Nations Convention Against Torture (CAT). Castellanos argues that the BIA erred in determining that he had not suffered past persecution based on his membership in a social group or based on his political opinion. He also argues that the BIA erred in determining that he was ineligible for CAT relief. Because we conclude that substantial evidence supports the BIA's decision that Castellanos was not persecuted because of membership in a social group or because of his political opinions and that he was not entitled to CAT relief, we deny his petition.

I.

Castellanos came to the United States in 2000 with his wife and daughter, because he had received threats from the Revolutionary Armed Forces of Colombia (FARC) after refusing the guerrillas' request that he join them and attend to their members' medical needs. Shortly before his visa expired, Castellanos filed an asylum application.[1] In 2007, the Department of Homeland

---

[1] Castellanos is the lead petitioner in this asylum case; his wife and daughter are derivative petitioners.

Security began removal proceedings against Castellanos. The Immigration Judge and BIA both denied Castellanos's asylum application and his claims for withholding of removal under the INA and for CAT relief.

II.

We review any legal conclusions made by the BIA *de novo*, but we may not reject its factual findings unless they are so unsupported by evidence that the record compels it. *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1350–51 (11th Cir. 2009).

The INA allows the Attorney General to grant asylum to any refugee, that is, someone who is unable or unwilling to return to his home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(A). Similarly, to qualify for withholding of removal, an alien must establish that upon return to his home country it is more likely than not that his life or freedom would be threatened because of his race, religion, nationality, membership in a particular social group, or political opinion. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1232 (11th Cir. 2005). If an alien cannot meet the standard for asylum, he is usually unable to meet the "more stringent" standard for withholding of removal. *Id.* at 1232–33. The BIA

concluded that Castellanos had failed to establish that he was persecuted by the FARC because of his membership in a social group or because of his political opinion and as such was not entitled to asylum or withholding of removal. We agree.

Castellanos argues that the FARC persecuted him because of his membership in a social group and his imputed political opinion.[2] We first address Castellanos's political-persecution claims and then turn to his social-group claims. We need not address whether the acts committed by the FARC rise to persecution because we conclude that the BIA's determination that he was not persecuted on account of a protected ground was supported by "reasonable, substantial, and probative evidence" in the record, when considered in its entirety. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992).

Castellanos claims that he was persecuted because of his refusal to join the FARC. This refusal, Castellanos says, is the ultimate expression of political opinion. The government notes that the FARC's interest in Castellanos was due to his medical training and the guerillas never expressed any knowledge of his

---

[2] Castellanos also argues that he was persecuted based on a mixed-motive of social-group membership and political opinion. But because this argument was not raised before the BIA, we are without jurisdiction to consider it. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006).

political opinion or his family's association with the Liberal Party in Colombia. This court has held that an alien's refusal to cooperate with guerrillas is not enough to establish that the alien was persecuted due to his political opinion. *Rodriguez Morales v. U.S. Att'y Gen.*, 488 F.3d 884, 890 (11th Cir. 2007). And given that the evidence in the record suggests that the FARC's interest in Castellanos was only due to the fact he is a doctor and their persecution arose only after he refused to join them, we cannot say that the record compels a determination that the FARC persecuted Castellanos because of his political opinion.

Castellanos also claims that the FARC persecuted him because of his membership in a social group. The social group Castellanos claims he was a member of is comprised of doctors who have refused to join the FARC. To establish persecution on account of membership in a social group, an alien must show that the group's members share immutable characteristics and are socially visible. *Castillo-Arias v. U.S. Att'y Gen.*, 446 F.3d 1190, 1194 (11th Cir. 2006). Although past experiences are immutable, that "does not mean that any past experience that may be shared by others suffices to define a particular social group for asylum purposes." *Id.* Relying on the Supreme Court's opinion in *Elias-Zacarias*, the BIA concluded that persecution for one's refusal to join the FARC

could not be a defining characteristic of a social group. Furthermore, the BIA concluded that there was no evidence that the FARC persecuted Castellanos because of his membership in a social group; rather, the evidence demonstrated that he was persecuted because he refused to join the FARC. We agree that the record does not compel a contrary conclusion.

Because Castellanos has failed to demonstrate that the record compels a determination that he was persecuted on account of any protected ground, we deny his petition for review. And because Castellanos has failed to demonstrate that the record compelled a determination that he qualified for asylum, he has also failed to show the record compelled a determination that he qualified for the higher withholding-of-removal standard. *Sepulveda*, 401 F.3d at 1232–33.

We now turn to Castellanos's claim for CAT relief. To establish eligibility for CAT relief Castellanos had to demonstrate that it were more likely than not that he would be tortured by Colombian government or with its acquiescence or instigation. 8 C.F.R. § 208.18. The BIA concluded that Castellanos failed to present any evidence about the likelihood that he would be tortured in Colombia. We agree. Accordingly, the record does not compel that we reverse the BIA's determination and we cannot grant him relief.

**PETITION DENIED.**